OPINION OF THE COURT
William D. Friedmann, J.
Defendant moves for inspection of the Grand Jury minutes and dismissal of counts 103 and 138 through 166 on the grounds that Federal safety stickers are not vehicle identification numbers (VINs) as defined by Penal Law § 170.70.
statement of facts
Defendant, a licensed auto dismantler, is charged in a multicount indictment with being the mastermind of a "chop- *910 shop” operation. Initially, defendant filed discovery motions and asked leave to file a subsequent motion to inspect and dismiss the indictment based on the inadequacy of the evidence presented to the Grand Jury. Such leave was granted and defendant files the instant motion.
CONTENTIONS
Defendant contends that so-called VIN stickers are really just pollution or safety stickers attached by glue and are not permanently affixed to the vehicle. Defendant further contends he is required to remove such stickers prior to resale from such "noncomponent” parts by motor vehicle regulations.
The People contend that the safety stickers are VINs and removal is a violation of Penal Law § 170.70. The People also contend that Federal law defines what a VIN is and such definition preempts New York State law.
THE LAW
Penal Law § 170.70 states that
"A person is guilty of illegal possession of a vehicle identification number when * * *
"(2) He knowingly possesses a vehicle or vehicle part to which is attached a vehicle identification number plate or on which is stamped or embossed a vehicle identification number which has been destroyed, covered, defaced, altered or otherwise changed, or a vehicle or vehicle part from which a vehicle identification number plate has been removed”.
The statute requires that a VIN be "stamped or embossed” and further that the only sanctioned VIN locations be on the major component parts, to wit, the nose, the frame, the engine, the transmission, and in one "secret” location chosen by the manufacturer, usually located under a wheel well or back seat of the automobile (Penal Law § 170.70 [3] [b]; Regulations of the Commissioner of Motor Vehicles [15 NYCRR] § 81.1 [b] supplementing Vehicle and Traffic Law §§ 415-a, 429, 430).
Herein, the defendant is charged with possessing numerous auto doors with no VIN stickers attached and would thus be in violation of Penal Law § 170.70. A person cannot possess a vehicle part with the vehicle identification number removed (Penal Law § 170.70 [2]). Both defense counsel and the District *911 Attorney stipulated that the doors mentioned in the indictment were not "stamped or embossed”. The issues in this case are whether missing Federal "safety stickers” from the doors fit under the definition of a vehicle identification number and whether the stickers are stamped or embossed as required by Penal Law § 170.70.
The court has considered the following definitions since neither is defined in the Vehicle and Traffic Law nor in the Commissioner’s Regulations: "stamped * * * 2: the impression or mark made by stamping or imprinting * * * 3 (b) a lasting imprint” (Webster’s New Collegiate Dictionary [1980]) and "embossed * * * 1: to raise the surface of into bosses * * * 2: to raise in relief from the surface” (Webster’s New Collegiate Dictionary [1980]).
The court having looked at the literal definition of stamped and embossed finds that a pollution sticker is neither stamped nor embossed.
Regulations of the Commissioner of Motor Vehicles (15 NYCRR) § 81.10 defines a VTN as follows: "[A]n identification number shall mean any number embossed, engraved, etched or similarly marked on a major component part which is assigned by the manufacturer for the purpose of identification of that particular part, and the location of such number is made available to the public.” (Emphasis added.)
New York State Motor Vehicles Department requires and states in its handbook Information And Regulations For Junk And Salvage Businesses that if a vehicle is dismantled, scrapped or destroyed, the vehicle identification number must be destroyed (id., at 9).
New York State Motor Vehicle Form No. 907A issues even stronger language requiring "Neither the vehicle, any of its major component parts, nor its vehicle identification number plate may ever appear as a vehicle or part of a vehicle.”
The form is used to transfer junked cars to scrap processors and to list transfer or sale of major component parts to others.
The court finds there may be an implied duty for the licensed dismantler to remove pollution stickers from noncomponent parts prior to resale pursuant to motor vehicle regulations and forms (MV-907A).
FEDERAL PREEMPTIONS
The People argue that the New York State law is *912 preempted by Federal statute. This court finds that Penal Law § 170.70 is not preempted by Federal legislation.
"The Penal Law of this State relates in section 170.65 to the forgery of a [motor] vehicle identification number and in its companion section 170.70 with illegal possession of a VIN plate — matters within the authority of a State Legislature and not inconsistent with the purpose or language of the Federal 'Safety Act’.
"I find that section 170.70 of the Penal Law is neither unconstitutionally vague nor pre-empted by Federal legislation.” (People v Giese, 95 Misc 2d 792, 795-796, affd 68 AD2d 1019.)
DISMISSAL OF THE COUNTS
The court must reluctantly dismiss counts 103 and 138 through 166 since VINs are not required on doors since they are not major component parts, nor are the stickers stamped or embossed. Accordingly, those counts are dismissed.
RECOMMENDATIONS
In its consideration of the charges against the defendant, the court notes that application of the statute (Penal Law § 170.70) for prosecutorial purposes in this and similar cases is rendered ineffective by virtue of the statute’s narrow "stamped or embossed” definition of a vehicle identification number.
The definition of a vehicle identification number (Penal Law § 170.70) is severely inadequate (vis-á-vis theft prevention purposes) and should therefore be superseded by an improved definition.
In the instant case, it is apparent that had the Penal Law § 170.70 definition of a vehicle identification number been more precise and realistic, the otherwise legitimate evidence (several automobile doors with "pollution stickers” removed with alleged criminal intent) would not have been required to be dismissed.
It is, therefore, recommended that section 170.70 of the New York Penal Law be modified to a more modern definition of a vehicle identification number.
Adoption of the current Department of Transportation VIN guidelines by New York would greatly improve existing law enforcement and reduced prosecutorial difficulties.
However, there remains one crucial issue. If the Federal *913 guidelines are adopted, procedures must be implemented that would allow legitimate sellers of used auto parts to legally remove and subsequently replace the "original” VIN with a new "authorized” VIN.
Since the opportunity for abuse would exist for this type of VIN replacement system, it is hereby recommended that State-regulated and licensed "replacement VINs” be issued to these used auto parts sellers and be subsequently strictly accounted for with stiff penalties provided for offenders who violate regulations.
In sum, current Penal Law § 170.70 VIN definitions are inadequate and provide evidentiary loopholes. Therefore, such definitions should be amended to reflect the more comprehensive Federal guidelines for and definitions of automobile VINs. Specifically, it is recommended that the form of this change mirror current Federal Department of Transportation standards for VIN locations and physical definitions for theft prevention purposes.
Lastly, that the methods to be adopted for the removal and State-authorized and regulated subsequent replacement of these VINs, for the purpose of legitimate auto parts resale, be strictly regulated and adopted concurrently with the aforementioned Department of Transportation VIN standards (theft prevention purposes).
New Federal legislation of the National Highway Traffic Safety Administration (DOT) 49 CFR part 541 is titled Federal Motor Vehicle Theft Prevention Standard and is intended to reduce theft.
"§ 541.1 Scope.
"This standard specifies performance requirements for identifying numbers or symbols to be placed on major parts of certain passenger motor vehicles.
"§ 541.2 Purpose.
"The purpose of this standard is to reduce the incidence of motor vehicle thefts by facilitating the tracing and recovery of parts from stolen vehicles.
"§ 541.3 Application.
"This standard applies to those passenger car parts identified in § 541.5 (a) that are present in the car lines listed in Appendix A of this Part. It also applies to the replacement parts for those cars, if the part is identified in § 541.5 (a).”
New Federal legislation requires an increased number of places to have VIN numbers affixed.
*914 The list of automobile parts that "must have an identifying number affixed or inscribed” are "(1) Engine. (2) Transmission. (3) Right front fender. (4) Left front fender. (5) Hood. (6) Right front door. (7) Left front door. (8) Right rear door. (9) Left rear door. (10) Front bumper. (11) Rear bumper. (12) Right rear quarter panel. (13) Left rear quarter panel. (14) Decklid, tailgate or hatchback (whichever is present).” (49 CFR 541.5 [a] [Oct. 1, 1986], Natl Highway Traffic Safety Admin, DOT, at 110.)
Unfortunately, the new regulation still allows labels to be so-called permanently affixed. New York State law still speaks of major component parts and has not adopted the 14 major part definitions as major components. The Commissioner of Motor Vehicles should change his definition and the Legislature must conform the statute to insure more comprehensive control and recovery of stolen auto parts, more effective prosecution of offenders and the creation of a more harmonious balance between Federal and State statutes.